IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00420-CMA

KAREN LOUISE BRODE, and
JEFFREY ALLAN BRODE,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,
STATE OF COLORADO, and
MONICA KADRMAS,

    Defendants.

---

ORDER DENYING PLAINTIFFS' PETITION
FOR EMERGENCY TEMPORARY RESTRAINING ORDER

---

    Plaintiffs Karen Brode and Jeffrey Brode petition this Court for an emergency temporary restraining order to stop the "unlawful foreclosure sale held on or about March 10, 2010, by JP Morgan."  (Doc. # 4, 1.)

    This Court's review of Plaintiffs' motion is governed by Federal Rule of Civil Procedure 65(b), which states:

> **(b) Temporary Restraining Order.**
>
> > **(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> >
> > > **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In essence, a Temporary Restraining Order ("TRO") "is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party." Charles Alan Wright, et al., 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr. 2014 update). Moreover, while "[t]he issuance of a temporary restraining order is a matter that lies within the discretion of the district court," a party must demonstrate "irreparable injury" as "an essential prerequisite to a temporary restraining order." *Id*. And most courts hold that a party "must demonstrate at least a reasonable probability of prevailing on the merits" in order to obtain such relief. *Id*.

Finally, while a motion for a TRO is distinct from a motion for a preliminary injunction, some courts in this District adhere to the familiar four-part test for granting a preliminary injunction when considering whether to grant a temporary restraining order. *See, e.g.*, *Salba Corp., N.A. v. X Factor Holdings, LLC*, No. 12-CV-01306-REB-KLM, 2014 WL 128147 (D. Colo. Jan. 14, 2014). That standard requires a plaintiff to demonstrate likelihood of success and irreparable harm but also "that the balance of equities tips in [Plaintiff's] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[1]

---

[1] While Courts in this District have considered these latter two factors, they are discretionary. *See, e.g.*, Charles Alan Wright, et al., 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr. 2014 update) ("The court also **may** balance the harm that might be suffered by defendant if the order were issued against the injury that would result to plaintiff if the application for the restraining order were denied. This balancing of the hardships approach is fairly common, particularly when one of the parties is a governmental unit. More generally, it also **may** be appropriate for

Plaintiffs' motion requesting a preliminary injunction and emergency TRO is convoluted and unclear.  As best this Court can tell, the Plaintiffs allege the foreclosure proceeding in state court pursuant to Colo. R. Civ. P. 120 is unlawful and in violation of the United States Constitution, and that Defendant JP Morgan Chase "engaged in falsification, counterfeiting, use, and publication of erroneous and misleading records in the Colorado, Eagle County land title and Public Trustee offices."  (Doc. # 4, 3.)  Moreover, the precise nature of the injunctive relief requested is not clear as Plaintiffs' motion indicates that the foreclosure sale pertaining to their property took place almost five years ago, on March 10, 2010.  Plaintiffs have failed to meet their burden to establish that this Court should issue an emergency TRO.

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiffs' Emergency Ex Parte Motion for Temporary Restraining Order (Doc. # 4) is DENIED.

DATED:  March __2__, 2015

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

the court to consider the effect of the requested order on the public interest." (footnotes omitted)).